## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD P. MARBURGER**, Trustee of the Olive M. Marburger Living Trust and **THIELE FAMILY, LP**, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civil Action No. |
| **XTO ENERGY INC.**, | ) ) | |
| Defendant. | ) ) | |

## <u>COMPLAINT – CLASS ACTION</u>

Plaintiffs Richard P. Marburger, Trustee of the Olive M. Marburger Living Trust (the "Trust"), and Thiele Family, LP, individually and on behalf of all persons similarly situated, by their counsel, David A. Borkovic, Esq., file this Class Action Complaint against XTO Energy Inc. and in support thereof allege upon personal knowledge or upon information and belief as follows:

### <u>Introduction</u>

1.     Phillips Production Company and its affiliates drafted and prepared a standard form oil and gas lease which they used to acquire oil and gas rights in Western Pennsylvania.  Under the terms of their standard form lease, royalties were to be calculated as a percentage of the total proceeds the lessees received from the sale of gas. That is, royalties were to be calculated without deducting any post-production expenses. Phillips Production Company, at least before it was acquired by defendant, so understood the lease, and the lessees calculated and paid royalties to landowners without deducting

post-production expenses.   In 2011, however, Exxon Mobil Corporation acquired the Phillips Production Company and its affiliates, and the standard form Western Pennsylvania leases were assigned to or placed under the control of XTO Energy, Inc., an Exxon Mobil subsidiary.   XTO Energy then disregarded both the language of the leases and the Phillips companies' understanding and course of dealing, and, in breach of the oil and gas leases, XTO Energy began to deduct various expenses in calculating and paying royalties.   The representative plaintiffs, on behalf of themselves and the class, seek to recover from XTO Energy the royalty amounts they should have received and to obtain a judgment declaring that XTO Energy may not deduct expenses in calculating royalties in the future.

<u>THE PARTIES</u>

2.      Plaintiff Richard P. Marburger is the Trustee of the Olive M. Marburger Living Trust ("Mr. Marburger").   Mr. Marburger is a citizen of the Commonwealth of Pennsylvania who resides in Evans City, Butler County, Pennsylvania 16033.

3.      Plaintiff Thiele Family, LP (the "Thiele Family Partnership") is a limited partnership organized and existing under the laws of the Commonwealth of Pennsylvania. The Thiele Family Partnership has one general partner, Thiele Farm, LLC, and four limited partners, Edward W. Thiele and Lorraine A. Thiele, husband and wife, and their children, James E. Thiele and William A. Thiele.   Thiele Farm, LLC, is a limited liability company organized and existing under the laws of Pennsylvania, and it has two members, Edward W. Thiele and Lorraine A. Thiele.   Edward W. Thiele and Lorraine A. Thiele, husband and wife, are citizens of the Commonwealth of Pennsylvania who reside in Cabot, Butler County, Pennsylvania 16023.   James E. Thiele and William A. Thiele are

2

citizens of the Commonwealth of Pennsylvania who reside in Cabot, Butler County, Pennsylvania.  The Thiele Family Partnership is a citizen of the Commonwealth of Pennsylvania.

4.      Defendant XTO Energy Inc. ("XTO") is a corporation organized and existing under the laws of the State of Delaware and is a wholly-owned subsidiary of Exxon Mobil Corp.  Upon information and belief, XTO's principal place of business is located at 810 Houston Street, Fort Worth, Texas.  XTO is a citizen of the State of Delaware and the State of Texas.  As described more fully below, XTO owns oil and gas rights in the Western District of Pennsylvania, and it explores for and produces gas and its constituents from Marcellus shale wells located in this District.

JURISDICTION AND VENUE

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).  Each of the individual and representative plaintiffs is a citizen of Pennsylvania.  Defendant is a citizen of both Delaware and Texas.  The amount in controversy for each of Mr. Marburger and the Thiele Family Partnership exceeds $75,000.00 exclusive of interest and costs.

6.      This Court has jurisdiction over the claims of the individual and representative plaintiffs pursuant to 28 U.S.C. § 1332(a) and over the claims of each class member pursuant to 28 U.S.C. § 1367(a).

7.      This Court also has jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The citizenship of the individual and representative plaintiffs is diverse from the citizenship of XTO.  Moreover, upon information and belief, the number of members of the proposed plaintiff class as defined in this Complaint equals or exceeds

100 and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) in that: (i) XTO is a resident of this District; (ii) a substantial part of the events giving rise to the claims occurred in this District; and additionally (iii) the property that is the subject of this action is situated in this District.

<u>EVENTS GIVING RISE TO THE CLAIMS</u>

9.     Mr. Marburger, as the Trustee of the Olive M. Marburger Living Trust, entered into a standard form oil and gas lease with Phillips Production Company that covered approximately 97.697 acres of land located in Forward Township, Butler County, Pennsylvania (the "Marburger 97 Acre Gas Lease").  A true and correct copy of the Marburger 97 Acre Gas Lease, which states that it is dated February 8, 2007, together with a Lease Modification Agreement, is attached hereto as Exhibit A.   Phillips Production Company had drafted and prepared said standard form oil and gas lease.

10.     Under the Marburger 97 Acre Gas Lease, Phillips Production Company promised to pay the Trust a royalty equal to 1/8 of the total proceeds Phillips Production Company received for all gas sold under the lease, less only the Trust's pro rata share of any severance or excise tax.  Specifically, the Marburger 97 Acre Gas Lease provides:

> "Should any well not produce oil, but produce gas … and the gas produced therefrom be sold off the said premises, the consideration to said lessor for the gas from each well completed and from which well gas is produced, metered and sold shall be as follows:
>
> Royalty equal to one-eighth (1/8) of the proceeds received from time to time by lessee for all gas … produced, metered and sold, less lessor's pro rata share of any severance or excise tax imposed by any governmental body.  Payment of said royalty shall be made on or about the 25th day of the month for all gas produced, metered and sold during the preceding month."

4

(Exhibit A at p.1)

11.     Mr. Marburger, as the Trustee of the Olive M. Marburger Living Trust, also entered into a standard form oil and gas lease with Phillips Production Company that covered approximately 58.11 acres of land located in Forward Township, Butler County, Pennsylvania (the "Marburger 58 Acre Gas Lease").  A true and correct copy of the Marburger 58 Acre Gas Lease, which states that it is dated February 15, 2007, together with a Lease Modification Agreement and an amendment, is attached hereto as Exhibit B. Phillips Production Company had drafted and prepared said standard form oil and gas lease.

12.     Like the Marburger 97 Acre Gas Lease, Phillips Production Company under the Marburger 58 Acre Gas Lease promised to pay the Trust a royalty equal to 1/8 of the total proceeds Phillips Production Company received for all gas sold under the lease, less only the Trust's pro rata share of any severance or excise tax.  Specifically, the Marburger 58 Acre Gas Lease contains the same royalty provision as the Marburger 97 Acre Gas Lease and provides:

> "Should any well not produce oil, but produce gas … and the gas produced therefrom be sold off the said premises, the consideration to said lessor for the gas from each well completed and from which well gas is produced, metered and sold shall be as follows:
>
> Royalty equal to one-eighth (1/8) of the proceeds received from time to time by lessee for all gas … produced, metered and sold, less lessor's pro rata share of any severance or excise tax imposed by any governmental body.  Payment of said royalty shall be made on or about the 25th day of the month for all gas produced, metered and sold during the preceding month."

(Exhibit B at p.1)

13.     In or about 2009, Phillips drilled a gas well (the "Marburger Well") under the terms of the Marburger 97 Acre Gas Lease.  After production started from that gas

well, Phillips paid royalties to the Trust based upon the total proceeds, that is, the gross proceeds, that Phillips received from the sale of the gas.  Phillips, as lessee, knew and understood that the royalties under the gas lease were to be calculated on the gross proceeds Phillips received without making any deduction for expenses, and it calculated the royalties in that manner.

14.    Production from the Marburger Well stopped, and the well was shut-in until for approximately one and one-half years before production resumed.  When production resumed from the Marburger Well, XTO was the direct or indirect lessee and under the Marburger 97 Acre Gas Lease, as described more fully below.  Unlike the original lessees, the Phillips companies, XTO then began to deduct expenses when it calculated plaintiff's royalty payments under the Marburger 97 Acre Gas Lease.

15.    Edward W. Thiele and Lorraine A. Thiele entered into a standard form oil and gas lease with Phillips Production Company that covered approximately 148.047 acres of land located in Jefferson Township, Butler County, Pennsylvania (the "Thiele Oil and Gas Lease").  A true and correct copy of the Thiele Gas Lease which states that it is dated January 19, 2007, together with (i) an addendum and (ii) an Amendment dated June 19, 2012,  is attached hereto as Exhibit C.  Phillips Production Company had drafted and prepared said standard form oil and gas lease.

16.    As it did with the Marburger Gas Leases, Phillips Production Company under the Thiele Gas Lease promised to pay the Lessors a royalty equal to 1/8 of the total proceeds Phillips Production Company received for all gas sold under the lease, less only the Lessors' pro rata share of any severance or excise tax.  Specifically, the Thiele Gas Lease contains the same provision as the above Marburger Gas Leases and provides:

6

"Should any well not produce oil, but produce gas … and the gas produced therefrom be sold off the said premises, the consideration to said lessor for the gas from each well completed and from which well gas is produced, metered and sold shall be as follows:

Royalty equal to one-eighth (1/8) of the proceeds received from time to time by lessee for all gas … produced, metered and sold, less lessor's pro rata share of any severance or excise tax imposed by any governmental body.  Payment of said royalty shall be made on or about the 25th day of the month for all gas produced, metered and sold during the preceding month."

(Exhibit C at p.1)

17.     Phillips, as lessee, knew and understood that the royalties under the Thiele Gas Lease were to be calculated on the gross proceeds Phillips received without making any deduction for expenses.

18.     In November 2012, Mr. & Mrs. Thiele assigned the Thiele Gas Lease to plaintiff Thiele Family Partnership.

19.     Upon information and belief, in or about June 2011, Exxon Mobil Corp. acquired Phillips Resources Inc. and TWP Inc. and thereby directly or indirectly also acquired Phillips Production Company and Phillips Exploration, Inc. which had formerly been known as PC Exploration, Inc.

20.     As a result of the above Exxon Mobil acquisition, certain oil and gas leases of Phillips Production Company, Phillips Exploration, Inc. and PC Exploration, Inc., including the Marburger 97 Acre Gas Lease and the Marburger 58 Acre Gas Lease were formally assigned to XTO in 2012.   Upon information and belief, Phillips Production Company, Phillips Exploration, Inc., PC Exploration, Inc., TWP Inc. and Phillips Resources Inc. each used oil and gas leases which contained the same gas royalty provision as is contained in the Marburger 97 Acre Gas Lease, the Marburger 58 Acre Gas Lease, and the Thiele Gas Lease.

21.    XTO has at all relevant times, either owned, controlled, administered or been responsible for operations under the other oil and gas leases for properties in Pennsylvania that had been held by Phillips Production Company, Phillips Exploration, Inc. and PC Exploration, Inc., including the Thiele Gas Lease.

22.    In or about January 2012 XTO declared a Unit called the "Zacherl Unit" or the "Zacherl Unit #1H Well" which included the Thiele Gas Lease.  At all relevant times thereafter, the Thiele Gas Lease has been a part of and included in the Zacherl Unit. XTO or an affiliate drilled a gas well in December 2011 which is part of the Zacherl Unit.

23.    At all relevant times, XTO has calculated and paid the royalties that have been due and are due under the terms of the Marburger 97 Acre Gas Lease, the Marburger 58 Acre Gas Lease and the Thiele Gas Lease.

24.    Upon information and belief, XTO calculates and pays the royalties that are due under the oil and gas leases with Phillips Production Company, Phillips Exploration, Inc., PC Exploration, Inc., and Phillips Resources, Inc., which XTO assumed or acquired, directly or indirectly, as a result of the Exxon Mobil acquisition of Phillips Resources Inc. and TWP Inc.

25.    At all relevant times since XTO acquired the Marburger 97 Acre Gas Lease, XTO has calculated and paid royalties to the Trust.

26.    Gas production in the Zacherl Unit started in or about June 2013, and the Thiele Family Partnership received its first royalty check under the Thiele Gas Lease in or about August 2013. At all relevant times, XTO has calculated and paid royalties to the Thiele Family Partnership under the terms of the Thiele Gas Lease.

27.    At all relevant times after the Exxon Mobil acquisition, XTO has

calculated and paid royalties to all class members pursuant to their oil and gas leases.

28.    No relevant governmental severance or excise taxes have been imposed or are applicable to the oil and gas leases of plaintiffs and the class members.

29.    Under the terms of the Marburger 97 Acre Gas Lease, the Marburger 58 Acre Gas Lease and the Thiele Gas Lease, XTO was required to calculate and pay royalties without deducting any expenses.

30.    Under the terms of the oil and gas leases of the class members, XTO was required to calculate and pay royalties without deducting any expenses.

31.    XTO has breached the Marburger 97 Acre Gas Lease, the Thiele Gas Lease, and the oil and gas leases of the other class members by deducting expenses in connection with the calculation and payment of royalties.

32.    XTO has refused to stop deducting expenses in calculating and paying royalties under royalty provisions at issue.

33.    At all relevant times, plaintiffs have acted in good faith and have otherwise complied with all obligations under the above oil and gas leases.

34.    Plaintiffs and the members of the class have been injured by the conduct of XTO described herein.

CLASS ACTION ALLEGATIONS

35.    Plaintiffs bring this action as a class action pursuant to Fed.R.Civ.P. 23. Specifically, plaintiffs assert Count I pursuant to Rule 23(a) and 23(b)(3) and assert count II pursuant to Rule 23(a) and 23(b)(2) on behalf of themselves and the following class:

> All persons who entered into an oil and gas lease with Phillips Production Company, Phillips Exploration, Inc., PC Exploration, Inc., Phillips Resources or any entity affiliated with them or any of them (collectively, "Phillips") covering oil and gas interests (i) which lease states that the

royalty for gas shall be "equal to one-eighth (1/8) of the proceeds received from time to time by lessee for all gas … produced, metered and sold, less lessor's pro rata share of any severance or excise tax imposed by any governmental body" or which uses substantially identical language  (the "Phillips Standard Leases") and (ii) which lease has been assigned to or is or was under the direct or indirect control of XTO.

36.     The prerequisites for class certification under Fed.R.Civ.P. 23(a) are met in that:

(A)     The members of the class are so numerous that joinder of all class members is impractical.  Plaintiffs estimate that there are significantly more than 100 class members.  The precise number of class members and their identities can be ascertained from the records of XTO and its subsidiaries and/or affiliates.

(B)     The claims of the representative plaintiffs raise questions of law and fact common to all class members.  Among the questions of law and fact common to the class are the following:

(i)     Whether expenses can be deducted in calculating royalties due under the Phillips Standard Leases;

(ii)     Whether XTO acted honestly and in good faith in calculating royalties under the Phillips Standard Leases;

(iii)     Whether XTO breached the Phillips Standard Leases by deducting expenses in connection with determining the royalties due under the Phillips Standard Leases;

(iv)     Whether XTO is liable for deducting expenses in connection with determining the royalties due under the Phillips Standard Leases;

(v)     The measure of damages incurred by the plaintiff class; and

(vi)     Whether a declaratory judgment is necessary to protect the rights

of the parties.

(C)     The claims of the representative plaintiffs are typical of, if not identical to, the claims of each member of the class because the representative plaintiffs and all class members executed the same core standard form oil and gas lease with Phillips and because all class members' claims arise out of the same relevant portion of the standard form royalty provision.

(D)     The representative plaintiffs will fairly and adequately protect the interests of all class members.  They have retained competent counsel who is experienced in complex litigation, including class action litigation related to oil and gas leases, and who will prosecute this action vigorously.  Representative plaintiffs will fairly and adequately assert and protect the interests of the class. They do not have any interests antagonistic to or in conflict with the class; their interests are antagonistic to the interests of XTO; and they will vigorously pursue the claims of the class.   Representative plaintiffs have adequate financial resources to vigorously pursue this action, including an agreement by their counsel to prosecute this action on a contingent basis and to advance reasonable and necessary costs and expenses of litigation.

37.     Count I of this Complaint may be maintained as a class action under Fed.R.Civ.P. 23(b)(3) because the questions of law or fact common to the class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The pertinent factors under Rule 23(b)(3) that demonstrate that a class action is a superior method of litigating this controversy include:

(A)      The class members' interests in individually controlling the prosecution or defense of separate actions:   In view of the complexities and expense of litigation, it is impractical for class members to bring separate actions, and there is no reason to believe that the class members desire to proceed separately.   Moreover, there is a danger of inconsistent decisions interpreting the same lease if individual actions are pursued;

(B)      The nature and extent of any litigation concerning the controversy already begun by or against class members:   To plaintiffs' knowledge, no other cases are pending against XTO concerning the class members' claims, and thus, certification is appropriate on the grounds of judicial economy.   Absent class certification, a significant number of additional individual claims may be filed and pursued causing a burden on judicial resources;

(C)      The desirability or undesirability of concentrating the litigation of the claims in this forum:   The Western District of Pennsylvania is the most desirable forum to concentrate all litigation concerning the class members' claims because most, if not all, of the gas leases concern land located in this District, Phillips was headquartered in this District before the Exxon Mobil acquisition, most, if not all, of the transactions took place in this District, and material witnesses are located in this District.   There is no better forum; and

(D)      The likely difficulties in managing a class action:   This case presents no unusual management difficulties, and to the contrary, is ideally suited to class treatment.   The claims involve matters of contract based on the same or virtually identical contractual provisions.   Moreover, the size of the class is too

large for individual litigation but not so large as to present an obstacle to manageability as a class action.

38.     Count II of this Complaint seeks declaratory relief and may be maintained as a class action under Fed.R.Civ.P. 23(b)(2) because all the prerequisites of Rule 23(a) are satisfied and because XTO acted or refused to act on grounds that apply generally to the class so that final declaratory relief is appropriate for the class as a whole.

## COUNT I

39.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 38 of this Complaint.

40.     The gas royalty provision in the Phillips Standard Leases requires gas royalties to be calculated and paid without deducting any expenses.

41.     The Phillips Standard Leases were either assigned to XTO or XTO is responsible for performance under said leases pursuant to agency or other agreements.

42.     Pursuant to the gas royalty provisions in the Phillips Standard Leases, XTO had to calculate and pay royalties to lessors without deducting expenses.

43.     XTO had to perform its obligations to calculate and pay royalties to Lessors under the Phillips Standard Leases in good faith and consistent with its duty of fair dealing.

44.     XTO deducted expenses in calculating and paying gas royalties in connection with the Phillips Standard Leases.

45.     XTO breached its duties to calculate and pay gas royalties under the Phillips Standard Leases without any deductions and in good faith.

46.     Plaintiffs and each class member incurred damage because of XTO's

inclusion of expenses in the calculation and payment of gas royalties under the Phillips Standard Leases.

WHEREFORE, plaintiffs demand the following for themselves and the class against defendant XTO:

(A)     That the Court certify the above-described class;

(B)     That judgment be entered in favor of plaintiffs and the plaintiff class and against XTO Energy for all compensatory losses and damages allowed by law, including prejudgment and post-judgment interest;

(C)     That the Court award counsel fees; and

(D)     Thar the Court award costs and expenses of litigation and such other and further relief as may be just and appropriate.

## COUNT II

47.     Plaintiffs incorporate by reference the allegations contained in Paragraphs 1 through 46 of this Complaint.

48.     XTO breached its duties to plaintiffs and to the class in connection with calculating and paying royalties under the Phillips Standard Leases without deducting expenses.

WHEREFORE, plaintiffs demand the following for themselves and the class against defendant XTO:

(A)     That the Court certify the above-described class;

(B)     That judgment be entered in favor of plaintiffs and the plaintiff class and against XTO Energy declaring that XTO breached its duties and further declaring that expenses other than excise or severance taxes may not be

considered in calculating and paying gas royalties under the Phillips Standard Leases;

(C)     That the Court award counsel fees; and

(D)     That the Court award costs and expenses of litigation and such other and further relief as may be just and appropriate.

## JURY TRIAL DEMANDED ON ALL ISSUES

Dated: July 14, 2015

/s/ ***David A. Borkovic***
David A. Borkovic, Esq.
Pa. I.D. No. 23005
Of Counsel
Jones, Gregg, Creehan & Gerace, LLP
411 Seventh Avenue, Suite 1200
Pittsburgh, PA 15219
(412) 261-6400
dab@jgcg.com

*Counsel for the representative and class plaintiffs*