IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD P. MARBURGER, Trustee<br>of the Olive M. Marburger Living Trust<br>and THIELE FAMILY, LP,<br><br>     Plaintiffs,<br><br>  v.<br><br>XTO ENERGY INC.,<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.2:15-cv-00910-CRE<br>)<br>)<br>)<br>)<br>) |

**FINAL ORDER AND JUDGMENT**

AND NOW, this  27th  day of March 2018, after notice and a hearing pursuant to Fed.R.Civ.P. 23(e), to determine (i) whether the Class Action Settlement Agreement dated November 16, 2017, (the "Settlement Agreement") should be approved as fair, reasonable and adequate; (ii) an application for an award of incentive awards to the class representatives, (iii) an application by Class Counsel for an award of attorneys' fees, reimbursement of costs and expenses and payment of the costs and expenses of the Settlement Administrator, this Court finds, concludes and ORDERS as follows:

1. Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to those terms in the Settlement Agreement.

2. The Notice of Proposed Class Action Settlement substantially in the form approved in the Preliminary Approval Order was mailed to approximately 1,142 Class Members by first class United States mail addressed to the last known address appearing in the records of defendant as set forth in an October 16, 2017, Excel spreadsheet named "Marburger final numbers," as revised November 15, 2017, that defendant XTO Energy Inc. ("XTO") provided to Class Counsel.

3. The Publication Notice substantially in the form approved in the Preliminary Approval Notice was published in the Pittsburgh Post Gazette and the Butler Eagle as required by the Preliminary Approval Order.

4. The time for filing objections expired on January 8, 2018. One class member objected to the Settlement. That class member, however, did not object to the amount that XTO will pay the Settlement Class under the Settlement; did not object to the provision in the Settlement Agreement permitting XTO to net out certain post-production costs; and did not object to the motion for an award of attorneys' fees, costs and expenses. No other class member objects either to the Settlement, the application for incentive awards, or to the Motion for Award of Attorneys' Fees, Reimbursement of Costs and Expenses, and Payment of the Costs and Expenses of the Settlement Administrator.

5. The following class is certified for purposes of settlement (the "Settlement Class"):

> Every individual and entity, including every predecessor and successor-in-interest, who possessed a royalty ownership interest at any time between January, 2012 and October 1, 2017, in an oil and gas lease with Phillips Production Company, Phillips Exploration, Inc., PC Exploration, Inc., Phillips Resources or any entity affiliated with them or any of them ("Phillips") covering oil and gas interests in Pennsylvania: (i) which lease states that the royalty for gas shall be "equal to [a specified percentage] of the proceeds received from time to time by lessee for all gas ... produced, metered and sold, less lessor's pro rata share of any severance or excise tax imposed by any governmental body; (ii) which lease does not contain any provision that expressly mentions post-production expenses, including any such language in a "Market Enhancement" provision; (iii) which lease has been assigned to or is or was under the direct or indirect control of XTO (a lease that satisfies (i), (ii) and (iii) being a "Phillips Standard Lease"); and (iv) which individuals and entities were identified by XTO on October 16, 2017, in a spreadsheet named "Marburger final numbers," as revised, which it provided to plaintiffs' counsel and the Settlement Administrator. The Settlement Class excludes (a) any lessor under any such lease who has an existing lawsuit against XTO separate from this action related to alleged underpayment of royalties under Phillips Standard Leases by XTO; (b) any oil and gas lease that determines the royalty based on "value;" (c) any person who is an officer, director, employee or

2

agent of Phillips or XTO; (d) any person or entity who has previously released XTO from liability concerning any claims asserted in this action; (e) the United States; and (f) the Commonwealth of Pennsylvania.

6. Excluded from the Settlement Class for all purposes is every person who submitted a valid and timely request for exclusion, each of whom is identified in the attached Exhibit A.

7. The Settlement Class consists of approximately 1,135 members after opt-outs and considering transfers of interests who own royalty interests in roughly 900 Phillips Standard Leases which involve approximately 1095 wells. The size of the Settlement Class meets the numerosity requirement of Rule 23(a)(i) and the joinder of all Settlement Class members is impractical.

8. This action involves questions that are common to all Settlement Class members relating to the calculation of royalties under the same language in the Phillips Standard Leases, specifically whether post-production costs may be netted-out from the proceeds of sale in calculating royalties under the leases. This common question will generate class-wide answers that will advance the conclusion of the litigation as required by Rule 23(a)(2).

9. The claims and legal theories of the representative plaintiffs and the Settlement Class members are the same: They assert that the Phillips Standard Lease does not permit the netting out of post-production costs in the royalty calculation; in calculating royalty payments to Settlement Class members, XTO nets out post-production expenses it incurs; and each Settlement Class member seeks to recover the amount of expenses netted out from his or her royalty payment. As such, the Settlement Class Representatives' claims are typical of the Settlement Class members as required by Rule 23(a)(3).

10. David A. Borkovic, counsel for plaintiffs, has substantial experience handling complex litigation and is competent in handling and class actions. Counsel has prosecuted this

3

action at arm's length and advanced the interests of the Settlement Class with dedication and competence to date. Counsel is qualified under Rule 23(a)(4).

11. The Settlement Class Representatives have participated in the litigation and have no conflicts with the members of the Settlement Class and will fairly and adequately protect the interests of the Settlement Class under Rule 23(a)(4).

12. The Settlement Class is defined by reference to objective criteria and there is a reliable and administratively feasible mechanism for determining whether persons and entities are within the definition of the Settlement Class. The Settlement Class can be and has been ascertained under Rule 23(a).

13. The Settlement Class satisfies the standards of Rule 23(a).

14. The predominance inquiry under Rule 23(b)(3) focuses on whether the defendant's conduct was common to the members of the Settlement Class and whether the Settlement Class members were harmed by that conduct. Each Settlement Class member's Standard Phillips Lease had the same royalty provision so that the royalty calculation was the same across the Settlement Class, and defendant's conduct was uniform for the Settlement Class members. Common questions, including the interpretation of the royalty provision in the Settlement Class members' Standard Phillips Leases, predominate over individual questions.

15. Because the issues of law arise from a standard form lease and defendant engaged in a common course of conduct, class-wide treatment of the claim will be more efficient and superior to other possible forms of action. Class treatment will ensure that all Settlement Class members' claims are resolved, including those with small claims; the administration of justice will be equal to all Settlement Class members; and the leasehold interests are generally

concentrated in this District. Proceeding as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

16. The Settlement Class is certified for settlement purposes under Fed.R.Civ.P. 23(b)(3).

17. The defendant has acted in the same manner toward all Settlement Class members, and the Settlement Class is also certified under Fed.R.Civ.P. 23(b)(2).

18. Richard Marburger and Thiele Family, LP, are appointed as Settlement Class Representatives on behalf of all Settlement Class members.

19. David A. Borkovic, Jones, Gregg, Creehan & Gerace LLP, is appointed Counsel for the Settlement Class. Mr. Borkovic is experienced in class action litigation, professional, capable and qualified to serve as counsel for the Settlement Class

20. The legal and factual issues that would arise at trial would be complex, require additional time-consuming discovery, necessitate the use of several expert witnesses and take substantial amounts of time to try. As the mediator concluded, the settlement benefits the Settlement Class by avoiding years of uncertainty from litigation and appeals and substantial litigation costs. This factor favors approving the Settlement Agreement.

21. The reaction to the proposed settlement class was overwhelmingly favorable. This factor favors approving the Settlement Agreement.

22. The parties had completed briefing on the motion for class certification, and the record contains answers to requests for admission, exhibits, deposition transcripts, expert reports and expert testimony. The substance of counsel's knowledge about the case is more than adequate to support the settlement.

23. The risks of establishing liability and damages favor approval of the Settlement

Agreement. Both parties have cogent, well supported arguments in favor of their positions. The liability issues are difficult, and as the mediator confirmed, the results are highly uncertain.

24. The factors of risk that the class would not be maintained through trial and ability of XTO to withstand a greater judgment are not relevant factors to approving the Settlement Agreement.

25. The reasonableness of the settlement in light of the best possible recovery and the risks the parties would fact if the case went to trial strongly favor approving the Settlement Agreement. The issues related to the merits are close. XTO will pay the Settlement Class essentially the entire amount of the deductions it has netted-out from the royalty payments under the Phillips Standard Leases. This is essentially the maximum amount of a judgment on the merits that plaintiffs could have recovered if they had prevailed at trial and provides substantial benefits to the Settlement Class. XTO will continue to net-out post-production costs in the future, but the benefit and burden of such future netting-out could be illusory depending upon future production and marketing. The risks if the case went to trial are significant for all parties. The settlement reflects those risks and provides substantial benefits to the Settlement Class.

26. The Court approves the Settlement Agreement and its terms. It is in all respects fair, reasonable and adequate and meets the requirements of Fed.R.Civ.P. 23.

27. The parties shall consummate the terms and provisions of the Settlement Agreement.

28. The Court approves the Plan of Administration and Distribution and its terms and provisions.

29. The distribution to the members of the Settlement Class is based on the following assumptions upon which the Settlement Administrator is entitled to rely: (a) that few sales of

royalty interests have occurred during the specified Class Period; (b) that, where sales did occur, the parties intended for the buyer to receive payment for past claims; (c) that, where royalty interests passed through inheritance, devise or interfamily transfers, it was the intent that the heir, devisee or transferee receive the right to receive payment for claims based on past production; and (d) to the extent these assumptions are not correct in relation to the particular transfers of interests, the Settlement Class member who receives payment shall, in turn, make payment to the proper party.

30. XTO and its successors and assigns shall make future royalty payments under the Settlement Class members' Phillips Standard Leases using the net-back royalty calculation methodology described in *Kilmer v. Elexco Land Services, Inc.*, 990 A.2d 1147 (Pa. 2010). Specifically, to the extent that post-production costs, including: (i) all losses of produced volumes (whether by use as fuel, line loss, flaring, venting or otherwise); and (ii) all costs from and after the wellhead to the point of sale, including, without limitation, all gathering, dehydration, compression, treatment, processing, marketing, and transportation costs incurred in connection with the sale of such production, are attributed to Settlement Class members' Phillips Standard Leases, the Settlement Class members will bear their proportionate share of such post-production costs. This provision shall not affect any other provision of the Settlement Class members' Phillips Standard Proceeds Leases.

31. As of the date on which this Order becomes final, Plaintiffs and the Settlement Class Members, and each of them, for themselves and their respective heirs, agents, officers, directors, shareholders, employees, consultants, joint venturers, partners, members, legal representatives, successors and assigns, hereby expressly agree that they fully and forever release and discharge Defendant, and its parents, present and former affiliates, including Phillips

Production Company, Phillips Exploration, Inc., PC Exploration, Inc., and Phillips Resources, and subsidiaries, and their respective predecessors, successors, assigns, present, former and future officers, directors, employees, agents, any third party payment processors, independent contractors, successors, assigns, attorneys and legal representatives (collectively, "Defendant Releasees") from any and all of the Settled Claims, except for the rights and obligations created by this Settlement Agreement, and covenant and agree that they will not commence, participate in, prosecute or cause to be commenced or prosecuted against the Defendant Releasees any action or other proceeding based upon any of the Settled Claims released pursuant to this Settlement Agreement. Plaintiffs and the Settlement Class Members hereby further agree that they fully and forever release and discharge all working interest owners on whose behalf Defendant has paid or will pay Royalties pursuant to Proceeds Leases from any and all of the Settled Claims, but do so only to the limited extent of Defendant's payments of gas royalties on behalf of such working interest owners; *provided, however*, that nothing in this release affects (i) any royalties due for production prior to the Effective Date but not transmitted as of the Effective Date, and (ii) any amounts for uncashed royalty checks that have become stale through the passage of time which checks shall be reissued upon request by a Settlement Class member.

32. This action is hereby dismissed with prejudice.

33. The Court hereby grants plaintiffs' Application for Award of Counsel Fees, Costs and Expenses, awarding attorneys' fees of $3,303,000.00, costs and expenses of $205,746.65, and additional expenses of up to $10,200.00 for settlement administration and data services. The Court hereby additionally grants incentive awards to Richard Marburger and Thiele Family LP in the amount of $5,000.00 each.  Class Counsel may distribute the incentive awards to the foregoing representatives.

34. Without affecting the finality of this Final Order and Judgment, this Court hereby reserves and retains continuing jurisdiction over this action, the parties to the Settlement Agreement and the Settlement Class members, for all matters related to this action, the Settlement, and this Final Order and Judgment, including but not limited to the administration, interpretation, effectuation or enforcement of the settlement and this Final Order and Judgment.

SO ORDERED, ADJUDGED AND DECREED.

*Cynthia R Eddy*
United States Magistrate Judge

# EXHIBIT A

The following persons and entities are EXCLUDED from the Settlement Class:

1. Bounty Minerals III LLC
2. Bounty Minerals LLC
3. Byers, Randall & Christine
4. Downes, Dennis George
5. Foertsch, Karen O.
6. Harvey, Mark
7. Harvey, Roger
8. KBH Resources
9. Kriley, Robert & Barbara
10. Leach, Bruce & Grace
11. Rudy, Paul & Catherine
12. Santus, Richard & Sharon
13. Schoentag, Geremy & Bethany
14. Stauffer, Jeffrey & Joyce
15. Yost, George & Marjorie
16. Zacherl, Frank D. & Nancy